# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

DATE 6/11/2015

**NOTICE OF APPEALS**
**ASSIGNMENT OF COURT OF APPEALS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/11/2015 9:39:49 AM

CHRISTOPHER A. PRINE
Clerk

**TO:** **1ST COURT OF APPEALS**

**From:** **Deputy Clerk: MICHELLE LOPEZ**
**Chris Daniel, District Clerk**
**Harris County, T E X A S**

**CAUSE:** **2010-71771**

**VOLUME ____ PAGE ____ OR IMAGE # 64580452**

**DUE 7/9/2015 ATTORNEY 00790311**

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE 1ST**

**DATE JUDGMENT SIGNED: 3/11/2015**

**MOTION FOR NEW TRIAL DATE FILED N/A**

**REQUEST TRANSCRIPT DATE FILED N/A**

**NOTICE OF APPEAL DATE FILED 6/5/2015**

**NUMBER OF DAYS: ( CLERKS RECORD ) 120**

**FILE ORDERED: YES ☐ NO ☒ IMAGED FILED: YES ☒ NO ☐**

**CODES FOR NOTICE OF APPEAL: BC, C, OA**

CHRIS DANIEL
Harris County, District Clerk

By: /s/MICHELLE LOPEZ
**MICHELLE LOPEZ, Deputy**

BC      NOTICE OF APPEAL FILED
BG      NOTICE OF APPEAL FILED – GOVERNMENT
C       JUDGMENT BEING APPEALED
D -     ACCELERATED APPEAL
OA      NO CLERK'S RECORD REQUEST FILED
O       CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)
NA      AMENDED NOTICE OF APPEAL

## CAUSE NO. 2010-71771

| | | |
|---|---|---|
| EWB-I, LLC, | § | IN THE DISTRICT COURT OF |
| a California Limited Liability Company | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SHARPSTOWN MALL TEXAS, LLC, | § | |
| a Delaware Limited Liability Company | § | 215TH JUDICIAL DISTRICT |

### Plaintiff's Notice of Appeal

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff EWB-I, LLC desires to appeal from the Final Judgment signed by the Court on March 11, 2015, as well as all prior interlocutory orders of the Court referenced in and/or merged into the Final Judgment.

Plaintiff appeals to either the First or Fourteenth Court of Appeals.

Plaintiff has not previously filed a related appeal or original proceeding in either the First or Fourteenth Court of Appeals.

513738.2

Respectfully submitted,

SIEGMYER, OSHMAN & BISSINGER LLP

By:     /s/ David K. Bissinger
        David K. Bissinger
        State Bar No. 00790311
        Gerald S. Siegmyer
        State Bar No. 18343300
        Jason E. Williams
        State Bar No. 24047113
        2777 Allen Parkway, Tenth Floor
        Houston, Texas 77019
        Telephone: (713) 524-8811
        Facsimile: (713) 524-4102
        dbissinger@bizlawhouston.com
        gsiegmyer@bizlalwhouston.com
        jwilliams@bizlawhouston.com

SMYSER KAPLAN & VESELKA, LLP

By:     /s/ Justin Waggoner
        Justin Waggoner
        State Bar No. 24003122
        700 Louisiana, Suite 2300
        Houston, Texas  77002
        Telephone: (713) 221-2325
        Facsimile: (713) 221-2320
        jwaggoner@skv.com

ATTORNEYS FOR PLAINTIFF EWB-I, LLC

2

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document has been served on the following counsel by email and U.S. certified mail, return receipt requested, on the 5th day of June, 2015:

Davis Bradford
Dobrowski L.L.P.
4601 Washington Ave., Suite 300
Houston, Texas 77007

Attorney for Sharpstown Mall Texas, LLC and PlazAmericas Mall Texas, LLC

Kim Moore
Attorney at Law
2727 LBJ Freeway, 610
Dallas, Texas 75234

Patrick McGettigan
Jones Gill LP
6363 Woodway, Suite 1100
Houston, Texas 77057

Attorney for Smith FLP, LTD

Bryan Wick
Meredith Perry
Wick Phillips Gould & Martin, LLP
2100 Ross Avenue, Ste. 950
Dallas, Texas 75201

Attorney for LG Sharpstown Bellaire, LLC

Cole B. Conkling
Andrews Kurth LLP
600 Travis, Suite 4200
Houston, TX 77002

Attorney for Mai & Matthew, R.E.I., Inc.

Keith S. Donati
Kochman, Donati & Charbonnet, LLP
12012 Wickchester, Suite 310
Houston, TX 77079

Attorney for CCW, LLC

James R. Robichaux
Branscomb, PC
802 Carancahua, Suite 1900
Corpus Christi, TX 78470

Attorney for Burlington Coat Factory Realty of Bellaire, Inc.


_/s/ Justin Waggoner_
Justin Waggoner

3

513738.2

2/26/2015 4:30:13 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4304090
By: SPENCER, JEANETTA
Filed: 2/26/2015 4:30:13 PM

CAUSE NO. 2010-71771

| | | |
|---|---|---|
| EWB-I, LLC, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SHARPSTOWN MALL TEXAS, LLC et al. | § | |
| *Defendant*, | § | 215TH JUDICIAL DISTRICT |

## FINAL JUDGMENT

After a series of summary judgment, dismissal, and attorneys' fees hearings, in which the Court heard and considered all of the pleadings, law, facts, arguments of counsel, and evidence at every hearing prior to announcing its decisions, the Court enters Final Judgment as follows:

**It is hereby ORDERED, ADJUDGED & DECREED that**

1) The interlocutory summary judgment orders signed on March 15, 2013, and August 13, 2013, are incorporated by reference herein.

2) The dismissal dated September 9, 2013, is incorporated by reference herein.

3) The dismissal dated April 1, 2014, is incorporated by reference herein.

4) The dismissal orders signed on April 10, 2014, and April 11, 2014, are incorporated by reference herein.

5) The attorneys' fees award entered on May 19, 2014, is incorporated by reference herein.

6) Plaintiff EWB-I, LLC takes nothing on all of its claims against every defendant.

7) PlazAmericas Mall Texas, LLC's ("PlazAmericas") and Sharpstown Mall Texas, LLC's ("Sharpstown") counterclaims against EWB-1, LLC ("EWB-1"), except for their request for attorneys' fees, have been and are dismissed in accordance with the orders previously dismissing each claim.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

8) Following the aforementioned decisions, only the amount of attorneys' fees owed to Sharpstown, PlazAmericas, CCW, LLC ("CCW"), and Smith FLP, Ltd. ("Smith FLP") remained for trial.

9) Plaintiff EWB-I stipulated via three separate Rule 11 Agreements on the amount of each eligible defendants' reasonable and necessary attorneys' fees and costs while still contesting the defendants' entitlement to such fees.

10) Sharpstown and PlazAmericas, jointly and severally, shall recover from EWB-I their reasonable and necessary attorneys' fees and costs in the sum of Four Hundred Fifty-five Thousand Dollars ($455,000). In the event of an appeal by EWB-I to a court of appeals, if the appeal is unsuccessful in reversing the award of attorneys' fees, PlazAmericas and Sharpstown, jointly and severally, are entitled to recover Forty-Five Thousand Dollars ($45,000) from EWB-I as their reasonable and necessary attorneys' fees associated with the appeal; in the event of an appeal and/or a petition for review by EWB-I to the Supreme Court of Texas, if the appeal and/or the petition is unsuccessful, PlazAmericas and Sharpstown, jointly and severally, are entitled to recover Fifteen Thousand Dollars ($15,000) from EWB-I as their reasonable and necessary attorneys' fees associated therewith.

11) Smith FLP shall recover from EWB-I its reasonable and necessary attorneys' fees and costs in the sum of One-Hundred Seventy-Five Thousand Dollars ($175,000). In the event of an appeal by EWB-I to a court of appeals, if the appeal is unsuccessful in reversing the award of attorneys' fees, Smith FLP is entitled to recover Thirty Thousand Dollars ($30,000) from EWB-I as its reasonable and

2

necessary attorneys' fees associated with the appeal; in the event of an appeal and/or a petition for review by EWB-I to the Supreme Court of Texas, if the appeal and/or the petition is unsuccessful, Smith FLP is entitled to recover Fifteen Thousand Dollars ($15,000) from EWB-I as its reasonable and necessary attorneys' fees associated therewith.

12) CCW shall recover from EWB-I its reasonable and necessary attorneys' fees and costs in the sum of forty-three thousand dollars ($43,000).

13) All costs herein shall be taxed against Plaintiff, EWB-I, LLC.

14) Post judgment interest shall accrue at the rate of 5% per annum.

15) All relief requested by and between all parties not expressly granted herein is expressly denied.

16) This judgment resolves all claims by and between all parties to this litigation.

In order to make this judgment final and appealable on all causes of action and defenses that were pending by and between EWB-I, LLC, on one hand, and PlazAmericas Mall Texas, LLC, Sharsptown Mall Texas, LLC, Smith FLP, Ltd., CCW, LLC, Burlington Coat Factory Realty of Bellaire, Inc., Mai & Matthew REI, Inc., RAIT Sharpstown, LLC, RAIT, LP, and LG Sharpstown Bellaire, LLC, on the other hand, the Court severed the unresolved third party claims by and between Sharpstown Mall Texas, LLC and Ring & Ring d/b/a Wrights Amusements out of this lawsuit and into the newly created cause number 2010-71771-A. The severance was entered on April 24, 2014. Cause number 2010-71771-A is unaffected by this Judgment.

The Court dismissed all claims and causes of action by prior order, hereby enters judgment confirming said dismissals, and enters judgment on attorneys' fees. This Final Judgment constitutes a final disposition of all causes of action and defenses contained in Cause

3

No. 2010-71771. This judgment is final, disposes of all the claims and all parties hereto, and is appealable.

The Court orders execution to issue for this judgment.

Signed this _11TH_ day of ___MARCH___ 2015.

_____
JUDGE PRESIDING

**APPROVED AS TO FORM AND SUBSTANCE:**

**DOBROWSKI, LARKIN & JOHNSON L.L.P.**

By:   _/s/ C. Davis Bradford_____
      C. Davis Bradford
      State Bar No. 24064939
      dbradford@doblaw.com
      4601 Washington Avenue, Suite 300
      Houston, Texas 77007
      (713) 659-2900 Telephone
      (713) 659-2908 Facsimile

**ATTORNEYS FOR SHARPSTOWN MALL TEXAS
& PLAZAMERICAS MALL TEXAS**

**KOCHMAN, DONATI & CHARBONNET, LLP**

By:   _/s/ Keith S. Donati_ **by permission CDB___
      Keith S. Donati
      State Bar No. 05973100
      ksdonati@kdclaw.com
      12012 Wickchester, Suite 310
      Houston, Texas 77079
      (713) 871-2490 Telephone
      (713) 871-2495 Facsimile

**ATTORNEY FOR DEFENDANT CCW, LLC**

4

**JONES GILL LLP**

By:    */s/ Patrick J. McGettigan* **by permission CDB
Patrick J. McGettigan
State Bar No. 13624500
pmcgettigan@jonesgill.com
6363 Woodway, Suite 1100
Houston, Texas 77057
(713) 652-4068 Telephone
(713) 651-0716 Facsimile

**ATTORNEY FOR DEFENDANT SMITH FLP, LTD.**

**ANDREWS KURTH, LLP**

By:    */s/ Cole Conkling* **by permission CDB
Cole Conkling
State Bar No. 24074062
coleconkling@andrewskurth.com
Courtney B. Glaser
State Bar No. 24059824
courtneyglaser@andrewskurth.com
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200 Telephone
(713) 220-4285 Facsimile

**ATTORNEYS FOR DEFENDANT MAI &
MATTHEW R.E.I.**

**BRANSCOMB, P.C.**

By:    */s/ James H. Robichaux* **by permission CDB
James H. Robichaux
State Bar No. 17083000
jrobichaux@branscombpc.com
802 N. Carancahua, Suite 1900
Corpus Christi, Texas 78470-0700
(361) 886-3800 Telephone
(361) 886-3805 Facsimile

**ATTORNEY FOR DEFENDANT BURLINGTON
COAT FACTORY REALTY OF BELLAIRE, INC.**

5

## CAUSE NO. 2010-71771

| | | |
|---|---|---|
| EWB-I, LLC, | § | IN THE DISTRICT COURT OF |
| a California Limited Liability Company | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SHARPSTOWN MALL TEXAS, LLC, | § | |
| a Delaware Limited Liability Company | § | 215TH JUDICIAL DISTRICT |

### Plaintiff EWB-I, LLC's Motion for New Trial and, Alternatively, to Modify the Final Judgment

To the Honorable Elaine Palmer:

Pursuant to Rule 329b of the Texas Rules of Civil Procedure, Plaintiff EWB-I, LLC ("EWB") files this Motion for New Trial and, Alternatively, to Modify the Final Judgment. For the reasons that follow, the Court should vacate its March 11, 2015 Final Judgment and order a trial on the merits of EWB's claims or alternatively modify the Final Judgment in various respects:

1. The Court erred in granting Defendants summary judgment on EWB's claim for declaratory relief that the 1979 Sharpstown Shopping Center Restated Operating Agreement (the "ROA") governing the former Sharpstown Shopping Center (the "Mall") is subject to judicial modification based on changed conditions and waiver. EWB presented more than ample evidence to create a fact issue as to whether (1) continuing and pervasive changed conditions at the Mall warrant modifications of the ROA's restrictions and (2) Defendants' ongoing breaches of the ROA constitute a waiver and abandonment of its restrictions. As such, a jury should be permitted to decide the threshold factual questions underlying EWB's claim for relief from the ROA's prohibition on development of the pad sites owned by EWB.

2. The Court erred in granting summary judgment on EWB's alternative claims for declaratory relief because no Defendant filed a motion for summary judgment addressing those alternative claims or presented any argument or grounds supporting summary adjudication of those claims.

3. The Court erred in dismissing EWB's claim for injunctive relief precluding ongoing violations of the ROA because (1) EWB adequately pleaded a claim for violation of the ROA's restrictive covenants

504700.1

supporting injunctive relief and (2) to the extent Defendants are correct in their argument that the ROA is enforceable, EWB's contract rights under the ROA vest it with standing to seek injunctive relief prohibiting Defendants' ongoing violations.

4. The Court erred in granting attorneys' fees to Defendants because (1) Defendants were not entitled to prevail as a matter of law on EWB's claims for injunctive relief and (2) the gravamen of EWB's complaint is a suit to remove cloud on title which cannot support an attorneys' fee award, thus precluding an award based on a declaratory judgment claim involving the same subject matter.

5. The form of final judgment the Court entered is inconsistent with the prior orders incorporated by reference in it to the extent it renders judgment on the merits of EWB's claims that the Court previously dismissed without prejudice.

## 1. The Court erred in granting summary judgment against EWB on its claim for a declaration that the ROA's restrictions on development of the pad sites are unenforceable.

By interlocutory order dated August 13, 2013, the Court granted summary judgment against EWB on its claims for declaratory judgment, including its claim for a declaration that the ROA's restrictions on development of the pad sites are unenforceable. The Court appears to have been led into error by Defendants' contentions (1) that EWB could not rely on changed conditions at the Mall to render the ROA's restrictions unenforceable unless the change in conditions commenced after EWB acquired its interest in the pad sites or (2) that EWB had not demonstrated a sufficiently severe change in conditions at the Mall to warrant a declaration rendering the ROA's prohibition on development of the pad sites unenforceable in any event. Both arguments are meritless, and the Court should therefore set aside its summary disposition of EWB's claim and order a new trial.

504700.1

**1.1. The fact that conditions at the Mall began changing prior to EWB's acquisition of an interest in the pad sites is irrelevant to EWB's entitlement to declaratory relief removing the ROA's restriction on development of the pad sites.**

As an initial matter, Defendants are incorrect that a party cannot rely on changed conditions that commence prior to the party's acquisition of an interest in property and continue thereafter to support removal of restrictive covenants based on changed conditions. When changes are serious and continuous, they can support a request for judicial relief from restrictive covenants even when the changes commenced prior to the claimant's acquisition of an interest in the property burdened by the restrictions. *See Simon v. Henrichson*, 394 S.W.2d 249, 256 (Tex. Civ. App.—Corpus Christi 1965, writ ref'd) (rejecting argument that changed conditions doctrine did not apply on ground that changes predated property purchase because "Plaintiffs do not rely exclusively upon changes that took place prior to their purchase of the property as the changes were continuous throughout the years.").

In any event, EWB presented evidence of changed conditions occurring after EWB acquired its interest in the pad sites as mortgagee in 2005 more than ample to create a fact issue EWB was entitled to have a jury resolve.[1] Specifically, EWB presented evidence that the Mall's sole remaining anchor tenant, Macy's, closed its doors in late 2007. Ex. 3 (Webb affidavit), ¶ 7.[2]

---

[1] Defendants have argued that the date EWB foreclosed on its lien interest and acquired full title to the pad sites, rather than the date on which EWB acquired its lien interest, is the relevant date for evaluating the timing of changed conditions. Defendants are incorrect. EWB's lien interest created by its purchase money loan for acquisition of the pad sites provided EWB with standing regarding disputes over the enforceability of restrictive covenants impacting the value of the real property securing EWB's loan. *See Simon*, 394 S.W.2d at 254 (affirming trial court judgment removing deed restrictions and noting that "[n]o objections to the removal of the restrictions were voiced by the mortgage companies."); *cf. Wynnewood Bank & Trust v. State*, 767 S.W.2d 491, 493 (Tex. App. 1989) ("We agree with Mortgagee's assertions that a lienholder is entitled to participate in the condemnation proceedings . . . .").

[2] Unless otherwise noted, exhibit references herein refer to exhibits EWB submitted in support of its June 17, 2013 Opposition to: (1) Smith FLP, Ltd.'s Motion for Summary Judgment; and (2) Sharpstown Mall Texas, LLC's Motion for Partial Summary Judgment. EWB incorporates

Macy's was the "vital organ" of Sharpstown at the time of its closure, which marked the complete collapse of the anchor tenant mall model on which the ROA was established. Ex. 3-G.[3] EWB also presented evidence that the Mall had developed a reputation for crime in the years following EWB's acquisition of an interest in the pad sites. Ex. 3, ¶ 12. Further, since EWB's acquisition of its interest in the pad sites, the former anchor tenant spaces have been converted into flea markets with little consumer traffic. Ex. 3, ¶ 31, Ex. 3-H. EWB's evidence created a fact issue regarding the sufficiency of changed conditions to warrant a departure from the ROA's restrictions that EWB was entitled to have a jury resolve.

Independent of its argument that changed conditions warrant a departure from the ROA's prohibition on development of the pad sites, EWB contends that the other property owners subject to the ROA have, through their own conduct, repeatedly violated the ROA and thereby waived any right to enforce the ROA's restrictions against EWB. Changed conditions and waiver constitute separate and distinct grounds for setting aside restrictive covenants. *See Traeger v. Lorenz*, 749 S.W.2d 249, 250-51 (Tex. App.—San Antonio 1988, no writ) ("[T]he abandonment and waiver theory is distinguishable from the change of conditions theory as it relates to enforcement of deed restrictions. As long as there was some evidence to support the issue of abandonment and waiver, it should have been submitted to the jury."). A party seeking to avoid restrictive covenants on the basis of waiver by other parties bound by the covenants is

---

its opposition brief and summary judgment evidence herein in their entirety and do not hereby intend to waive or relinquish any argument or ground for appeal supported by EWB's opposition or other briefing on matters addressed in this Motion.

[3] The Court sustained Defendants' objections to certain summary judgment evidence EWB submitted in opposition to Defendants' summary judgment motions. EWB reiterates and incorporates herein by reference its responses to these objections, both (1) in its June 21, 2013 and August 6, 2013 responses in opposition to Defendants' original and supplemental objections and motions to strike and (2) on the record at the August 8, 2013 hearing on the parties' summary judgment motions. EWB urges the Court to reconsider its August 13, 2013 Order sustaining objections to a portion of EWB's summary judgment evidence.

4

free to rely on acts of waiver that predated the party's property ownership. *See id.* at 250 (noting that no authority precludes a land owner from establishing waiver of restrictions based on "violations which occur before his purchase"). EWB offered substantial evidence of waiver of restrictions by the other owners of property burdened by the ROA, including (1) PlazAmericas Mall Texas, LLC ("PlazAmericas")'s[4] closure of the Mall's parking garage in violation of the ROA's parking restrictions, Ex. 22 (Segal depo.), at 39:23-25; (2) all other owners' failure to designate employee parking areas as required by the ROA, Ex. 33 (Smith depo.), at 122:17-18; (3) subdividing the former anchor tenant spaces into largely vacant flea market stalls, in contravention of the ROA's mandate that the Mall property be operated in a manner consistent with a "first class regional shopping center;" Ex. 4, 4-A (Chang affidavit and attached photos), Ex. 3-H (photos); Ex. 37 (photos); (4) placing excessive kiosks throughout the Mall, in amounts and locations not authorized by the ROA, Ex. 36 ¶ 8; Ex. 35 (Bronstein depo.) at 62:12-16, 63:15-21; and (5) permitting carnivals on the pad sites and other parking lot areas for decades, Ex. 15 (Ring affidavit); Ex. 34 (Hammett depo.), at 59:11-15. The Court erred in granting summary judgment against EWB and declining to permit a jury to resolve fact issues regarding the severity of changed conditions at the Mall.

### 1.2. EWB presented more than a scintilla of evidence of changed conditions, thus creating a fact issue a jury was required to resolve.

Defendants also argue that EWB offered insufficient evidence of changed conditions at the Mall to warrant removal of the ROA's restriction on pad site development. Specifically, Defendants argued that the benefit to be realized from the ROA's restriction can still be realized because the pad sites remain capable of use as parking spaces. Defendants' argument proves too much. If the Mall were destroyed by a hurricane and never rebuilt, the pad sites would remain

---

[4] PlazAmericas is the successor-in-interest to Sharpstown Mall Texas, LLC ("Sharpstown"). For ease of reference, EWB refers to PlazAmericas and Sharpstown jointly as "PlazAmericas").

504700.1

capable of use for parking. Of course, this would not preclude a modification of the ROA's restrictions based on changed conditions. The benefit to be derived from the ROA's parking-related restrictions when they were adopted forty years ago was to ensure *sufficient* parking for the Mall. There can be no credible argument that the restriction on pad site development remains necessary to confer that benefit. The pad sites, and much of the rest of the inner parking lot areas surrounding the Mall, have sat empty for years. *See, e.g.*, Ex. 3, ¶¶ 6-8, 22, 29. EWB presented substantial evidence that, far from conferring a benefit, the existence of this excessive empty parking space actually drives away customers by creating a feeling of desolation and lack of safety. *E.g.*, Ex. 3, ¶¶ 10-12.

### 1.3. PlazAmericas' own words.

PlazAmericas' own representations to the Tax Increment Reinvestment Zone ("TIRZ") spell this out:

> Sharpstown Center, once a thriving centerpiece of Houston's retail landscape, has *collapsed into a rapidly failing mall* beset by fleeing tenants, security problems, and years of physical neglect. A complicated ownership structure and convoluted reciprocal operating agreements inhibit private investment, and two of the three anchor tenants have abandoned the property. . . .

> In many ways, Sharpstown is a prototypical example of a mall failing to adapt to a changing neighborhood and a highly competitive retail landscape. With a disastrous ownership period behind it, *the property is in danger of joining the ranks of dead malls[1] across the country.*

PlazAmericas' footnote 1 in the same document goes on to state:

> [1] See www.deadmalls.com for examples. Also, note Wikipedia's definition of a dead mall, which is *an uncannily accurate description of Sharpstown Center*: "In many instances, a mall begins dying when the mall's changing neighborhood undergoes a socio-economic decline, or a new, larger mall opens nearby. Structural changes in the department store industry have also made survival of these malls difficult; a few large national chains have replaced dozens of small local and regional chains, and some national chains (Montgomery Ward, Woolworth's) have themselves gone out of business. Hence in some areas there aren't enough traditional department stores to fill all the existing anchor spaces. . . .

6

Ex. 3-B (emphasis added).

PlazAmericas' own conduct further undermines Defendants' argument that there is still benefit to be derived from the ROA's restriction on use of the pad sites because the sites remain available for use as parking space for the Mall. PlazAmericas has unilaterally closed the parking garage attached to the former Foley's space. Ex. 22, at 39:23-25. PlazAmericas' closure of the parking garage is a clear violation of the ROA's parking-related restrictions, which prohibit any "action which shall diminish the area on [PlazAmericas'] Parcel reserved for automobile parking." Ex. 1, § 5.1.[5] PlazAmericas claims it is justified in disregarding these provisions of the ROA because, given the extreme levels of vacancy at the Mall, "there's not a strong use for that [parking garage] space." Ex. 22, at 39:23-25. Of course, the parking garage is still "capable of being used" to provide parking for the Mall to the same extent the pad sites are. Yet PlazAmericas regards itself as free to disregard the ROA's parking restrictions because there is no demand for parking at the Mall—i.e., no benefit to be derived from the ROA's prohibition on PlazAmericas' closure of the parking garage. If the parking restrictions are unenforceable against PlazAmericas on the basis of a lack of demand for parking, they are equally unenforceable against EWB. At a minimum, PlazAmericas' own conduct creates a fact issue as to whether the benefit to be derived from the ROA's restrictions on development of the pad sites is no longer obtainable based on changed conditions.

EWB respectfully submits that the Court was led into error in granting summary judgment. It should therefore vacate the summary judgment ruling incorporated by reference into the Final Judgment and order a new trial.

---

[5]  It also constitutes the placement of an "obstruction" in the "Common Area" expressly prohibited by § 5.3(c), as well as a denial of "ingress" and "egress" to the Common Areas as ensured by § 9.1 of the ROA. Ex. 1, §§ 5.3(c); 9.1.

7

**2.    The Court erred in rendering summary judgment on EWB's alternative claims for declaratory relief.**

The Court's August 13, 2013 Order grants summary judgment not only on EWB's primary claim for a declaration that the ROA's restrictions on pad site development are unenforceable, but also on EWB's alternative claims for declaratory relief in the event the ROA is deemed enforceable. Because Defendants' motions for summary judgment advanced no arguments in opposition to EWB's alternative claims for declaratory relief, the motions could not support a summary judgment on these claims. Accordingly, the Court erred in carrying forward its prior erroneous summary judgment ruling on these claims into its Final Judgment. EWB asks the Court to vacate the Final Judgment and order a new trial on EWB's alternative claims for declaratory relief.

EWB's live petition at the time of the summary judgment hearing contained multiple distinct claims for declaratory relief. As its primary claim for relief, EWB sought a declaratory judgment "modifying the [ROA] . . . to allow reasonable retail development of the pad sites . . . ." Plaintiff's Third Amended Petition, ¶ 37. In the alternative, to the extent the Court denied EWB's request for modification of the ROA to permit development of the pad sites, EWB sought three separate declarations:

- "a declaratory judgment that under the [ROA], [East West Bank] can construct a bank or other retail facility as contemplated by Exhibit B2 of the [ROA]" [a site map reflecting a possible future bank building on the pad sites];

- "a declaration that the [ROA] is enforceable as written against all of the other Defendants and that all parties must operate in compliance with the Agreement;" and

- "a declaration that defendants, and/or their successors, have waived the operation of carnivals on the Pad Sites, which have been ongoing for decades."

*Id.* ¶ 40.

8

504700.1

Defendants' motions for summary judgment addressed only EWB's primary claim for declaratory relief seeking judicial modification of the ROA. They advanced no argument in opposition to EWB's alternative requests for declaratory relief. While the title of PlazAmericas' motion indicates it sought summary judgment on "Plaintiff's Claims for Declaratory Relief," the sole claim for declaratory relief addressed through argument in the motion was EWB's claim for a declaratory judgment modifying the ROA. Likewise, every argument in Smith FLP, Ltd. ("Smith")'s motion was directed solely to EWB's claim for a declaration that changed conditions at the Sharpstown Shopping Center warrant judicial modification of the restrictions in the ROA. Nowhere in their motions did PlazAmericas or Smith argue that (1) the ROA is not equally binding on Defendants, (2) the ROA's terms do not permit EWB to build a bank facility on the pad sites, or (3) Defendants had not waived their right to preclude EWB from hosting carnivals on the pad sites.

Even though Defendants' motions for summary judgment advance no arguments in opposition to EWB's alternative claims for declaratory relief, at Defendants' request, the Court signed an Order providing that all of EWB's "declaratory judgment claims are DISMISSED with prejudice." August 13, 2013 Order. EWB respectfully submits that Defendants led the Court into error.

"Summary judgments . . . may only be granted upon grounds expressly asserted in the summary judgment motion." *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011); *see also Chessher v. Southwestern Bell Telephone Co.*, 658 S.W.2d 563, 564 (Tex. 1983) ("Because Southwestern Bell moved for summary judgment on only one of Chessher's four causes of action, the court of appeals' affirmation of this judgment was improper as to the other causes of action alleged by Chessher."). "A motion must stand or fall on the grounds *expressly*

504700.1

*presented* in the motion. In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence." *McConnell v. Southside Independent School Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) (emphasis added). Because Defendants' motions advanced no arguments that they are entitled to judgment as a matter of law on EWB's alternative claims for declaratory relief, the Court erred in granting summary judgment on these claims.

Likewise, Defendants' motions failed to place before the Court a valid request for no-evidence summary judgment on EWB's alternative claims for declaratory relief. While Defendants claimed generally in their motions that they seek no-evidence summary judgment, the motions did not allege that no evidence supports any particular element of EWB's alternative claims for declaratory relief. Rather, Defendants' motions stated only that no evidence exists to support what they claim are necessary elements of EWB's primary claim for a declaration that the ROA should be judicially modified. Defendants did *not* allege that no evidence indicates (1) that the ROA establishes a right on the part of EWB to build a bank facility on the pad sites, (2) that, to the extent the ROA remains enforceable, it is enforceable against Defendants to the same extent as EWB, or (3) that Defendants waived any right to preclude EWB from hosting carnivals on the pad sites through decades of acquiescence in such carnivals.

Rule 166a(i) establishes that a motion for no-evidence summary judgment "must be specific in challenging the evidentiary support for an element of a claim or defense;" the rule "does not authorize conclusory motions or general no-evidence challenges to an opponent's case." Tex. R. Civ. P. 166a(i) (comment); *see also Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Ortiz v. Collins*, 203 S.W.3d 414, 425-26 (Tex. App.—Houston [14th

504700.1

Dist.] 2006, no pet.) ("[A] no-evidence summary judgment motion must explicitly assert that there is no evidence of one or more specifically-identified elements of the opponent's claim.").

Because Defendants' motions did not claim that no evidence supports any element of EWB's alternative claims for declaratory relief, the motions could not support the grant of no-evidence summary judgment against EWB on these claims. As such, the Court erred in carrying forward its summary judgment on EWB's alternative claims for declaratory relief, and the Final Judgment should be set aside.

**3.      The Court erred in dismissing EWB's claim for injunctive relief enforcing the ROA against the other Defendants.**

The Court entered two separate orders dismissing EWB's alternative claim for injunctive relief enforcing the ROA against Defendants: (1) an April 10, 2014 Order granting Mai & Matthew, REI, Inc. ("M&M")'s oral "request for dismissal" and (2) an April 11, 2014 Order granting PlazAmericas' plea to the jurisdiction. Both orders were in error, and the Court therefore erred in incorporating them in the Final Judgment.

**3.1.      M&M's request for dismissal was procedurally and substantively flawed.**

M&M's oral "request for dismissal" for failure to state a cause of action was procedurally improper, as Texas practice does not recognize such a motion. *See Fort Bend Cnty. v. Wilson*, 825 S.W.2d 251, 253 (Tex. App.—Houston [14th Dist.] 1992, no writ) ("Although Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for failure to state a claim upon which relief can be granted, the Texas Rules of Civil Procedure do not contain any analogous provision."). M&M's oral "request" was an improper effort to summarily dispose of EWB's claims through a circumvention of special exception practice. The appropriate method to challenge a party's purported failure to state a cause of action is through special exceptions identifying the defect. *See Parker v. Barefield*, 206 S.W.3d 119, 120 (Tex. 2006) ("Special

504700.1

exceptions are appropriate to challenge a plaintiff's failure to state a cause of action."). In the event that a special exception is sustained, a Court *"must allow the pleader an opportunity to amend"* so long as the defect is curable. *Id.* (emphasis added). M&M never filed special exceptions alleging defects in EWB's pleadings.[6] While EWB disputes that there is any defect in its pleading of a cause of action for restrictive covenant violations, even if a defect exists, the Court must give EWB an opportunity to amend and cure the defect before dismissing its claims with prejudice.[7] M&M's request for dismissal with prejudice absent such an opportunity to amend is an improper effort to circumvent special exception practice. *See Friesenhahn v. Ryan*, 960 S.W.2d 656, 659 (Tex. 1998).

M&M also failed to provide at least 21 days' notice of its request for dismissal with prejudice as required by Rule 166a. *See* Tex. R. Civ. P. 166a(c); *Luna v. Estate of Rodriguez*, 906 S.W.2d 576, 582 (Tex. App.—Austin 1995, no pet.) ("Texas Rule of Civil Procedure 166a(c) requires the movant to obtain leave of court in order to file a motion for summary judgment and summary judgment evidence supporting that motion with less than twenty-one days' notice. . . . Because summary judgment is a harsh remedy, we strictly construe the twenty-one day time limit."). EWB objected to M&M's failure to comply with the notice requirements of Rule 166a and renews that objection here.

Aside from its procedural defects, M&M's request for dismissal was substantively invalid. M&M based its request for dismissal on a contention that EWB's live pleading contained nothing but a naked request for an injunction without a cause of action to support it.

---

[6] M&M also did not challenge EWB's Motion for Leave to File EWB's Fourth Amended Petition.

[7] M&M effectively conceded at argument that any defect in EWB's pleadings is curable, as it noted that the Fourth Amended Petition EWB sought, and was denied, leave to file stated a claim for breach of the ROA.

504700.1

The sole support M&M offered for its contention was legal authority establishing that injunctive relief must be supported by a cause of action that permits such relief. *See, e.g., Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 625 n.2 (Tex. 2011) ("[T]o obtain an injunction a party must first assert a cause of action.") (citation omitted). This authority is both uncontroversial and unsupportive of M&M's contention, as EWB *pleaded a cause of action that will support injunctive relief*: a cause of action for violation of the ROA's restrictive covenants. *See, e.g., Daniels v. Balcones Woods Club, Inc.*, 2002 WL 31426294, at *2 (Tex. App.—Austin Oct. 31, 2002, no pet.) ("[T]he district court could reasonably have concluded that the Association had a *cause of action for breach of covenant restrictions* . . . .") (emphasis added); *Benard v. Humble*, 990 S.W.2d 929, 930 (Tex. App.—Beaumont 1999, pet. denied) ("Appellee, Asa Henry Humble, originally filed suit against Appellants alleging several *causes of action which included Deed Restriction violations*.") (emphasis added).

The sole factual element EWB must plead and prove to sustain this cause of action and secure injunctive relief is that Defendants have distinctly or substantially violated the ROA's restrictions. *See Gunnels v. N. Woodland Hills Cmty. Ass'n*, 563 S.W.2d 334, 337 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ) ("Where a distinct or substantial breach of the restrictions is shown, the courts will enjoin the violation even though there is no proof of actual damages or irreparable injury.").[8] M&M's contention that EWB failed to plead this factual element adequately ignored both the pleading standards of the Rules of Civil Procedure and the plain language of EWB's live petition.

---

[8] While M&M offered no argument of any purported insufficiency in EWB's demand for injunctive relief, any such argument would be misplaced. EWB's claim for permanent injunction appears under the heading "***Alternative Relief: Permanent Injunction and Declaratory Relief Regarding the 1979 Agreement***." EWB's Third Amended Petition, at 14 (emphasis added). EWB's prayer expressly requests that the Court "grant East West Bank's alternative relief." *Id.*, at 19 (emphasis in original).

504700.1

"Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). The inquiry is not whether a party has used any particular magic words constituting a "claim," but whether the party "plead[s] sufficient *facts* to give adequate and fair notice" of the nature of the party's claim. *Id.* (emphasis added); *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) ("A petition is sufficient if it gives fair and adequate notice of *the facts upon which the pleader bases his claim.* The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense.") (emphasis added).

Courts must apply this already lenient pleading standard even more liberally where, as here, no party secured a ruling on special exceptions challenging the sufficiency of the pleading in question. *See Horizon/CMS Healthcare*, 34 S.W.3d at 897 ("When a party fails to specially except, courts should construe the pleadings liberally in favor of the pleader."). This is because the purpose of special exceptions is to call alleged pleading defects to the attention of a party and provide them an opportunity to amend. Because EWB has never been provided an opportunity to amend in response to a sustained special exception advanced by any party, the Court must presume in EWB's favor "[e]very fact . . . that can reasonably be inferred from what is specifically stated" and construe the pleading to state a cause of action "even if some element of a cause of action has not been specifically alleged." *Roark*, 633 S.W.2d at 809.

There is no question that EWB stated a cause of action against Defendants for violation of the ROA's restrictive covenants under this relaxed standard. Among other things, EWB's live petition contains the following allegations:

- "The owner of the old JC Penney space, Mai & Matthew, operates the Clarewood Mercado, an indoor flea market that consists of itinerant vendors, a

14

laundromat/washateria, a tattoo parlor, and so on. None of these businesses comply with the 1979 Agreement [i.e., the ROA]." EWB's Third Amended Petition, ¶ 32.

- "Sharpstown, among other defendants, is . . . violating [the] 1979 Agreement by filling Mall space with itinerant vendors and kiosks." *Id.*, ¶ 5.

- Defendants have engaged in "continued breaches" of the ROA. *Id.*

- "Sharpstown . . . has actively reorganized the Mall to feature flea markets, kiosks, and itinerant vendors, all of which the 1979 Agreement prohibits." *Id.*, ¶ 30.

- "Sharpstown/RAIT has also violated the 1979 Agreement by closing the three-story parking garage near the old Foleys location." *Id.*, ¶ 31.

- "The owners [of] anchor spaces [which includes M&M] also operate in violation of the 1979 Agreement." *Id.*, ¶ 32

These factual allegations state a cause of action for violation of the restrictive covenants in the ROA. Based on this cause of action, EWB' petition further specifies that it

> requests a permanent injunction against Defendants' failure to adhere to the requirements of the 1979 Agreement . . . . The Bank seeks an injunction against the continued violations of the ROA. This injunction includes the prohibition of itinerant vendors and kiosks throughout the Mall in accordance with §§ 5.3 and 5.4 of the 1979 Agreement and the prohibition on Smith FLP's continued violations of the Floor Area limitations in § 2.12 by leasing space above the first-story of the Office Building to tenants for retail sales as those terms are defined in the 1979 Agreement. This injunction further seeks to enforce § 5.4 of the 1979 Agreement and prohibit any activities inconsistent with a first-class regional shopping center and to prohibit any operation inconsistent with the operation of a first-class regional shopping center.

*Id.*, ¶ 39.

EWB has pleaded adequate facts to provide Defendants fair notice of the factual basis for its cause of action—that Defendants have directly and substantially violated the ROA—and the relief EWB seeks for that violation—a permanent injunction prohibiting future operations in violation of the ROA. The Court therefore erred in granting M&M's "request for dismissal" and carrying that ruling forward into the Final Judgment.

15

### 3.2.    PlazAmericas' plea to the jurisdiction was equally groundless.

The Court's April 11, 2014 Order granting PlazAmericas' plea to the jurisdiction regarding EWB's claim for injunctive relief, which it also carried forward into the Final Judgment, was also erroneous.  In addition to the same losing argument advanced by M&M in support of its "request for dismissal," PlazAmericas based its plea on two contentions supposedly depriving the Court of subject matter jurisdiction over EWB's claim for injunctive relief:  (1) the ROA's restrictions EWB sought to enforce against Defendants were not "for the benefit" of the pad sites EWB owns and (2) EWB suffered no injury from Defendants' violations of the ROA.  Both arguments are unavailing.

PlazAmericas' contention that ROA's restrictive covenants do not exist "for the benefit of" the pad sites EWB owns ignored the plain language of the ROA.  The ROA specifies that it is "made for the *exclusive benefit of the Parties hereto and their successors and assigns . . . .*" Ex. 1 (ROA), § 21.7 (emphasis added).  The ROA further specifies that "[a]ll [of its] covenants, agreements, conditions and restrictions . . . are intended to be and shall be construed as covenants running with the land . . . *inuring to the benefit of and enforceable by the Parties hereto and their successors and assigns . . . .*" *Id.* § 21.3 (emphasis added).  The ROA expressly states that all of its restrictions are intended to benefit all of the owners of property subject to the ROA and that all such owners are entitled to enforce the restriction.  To the extent any ambiguity existed in the ROA as to whether any restriction EWB seeks to enforce is "for the benefit" of its land—and there is none—it would constitute a fact issue to be resolved at trial.  *See Texas Dep't of Parks and Wildlife v. Miranda,* 133 S.W.3d 217, 226-28 (Tex. 2004) ("[D]isputed evidence of jurisdictional facts that also implicate the merits of the case may require resolution by the finder of fact.  . . .  If the evidence creates a fact question regarding the jurisdictional issue, then the

16

trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder."). PlazAmericas' Plea to the Jurisdiction should have been denied.

PlazAmericas' contention that EWB lacks standing to enforce the ROA because it has sustained no "injury" as a result of the violations it seeks to enjoin is equally unavailing. For purposes of standing, an "injury in fact" is nothing more than "an invasion of a legally protected interest which is . . . concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The ROA affords EWB, as well as all other owners of property subject to the ROA, a right to enforce all restrictions set forth in the ROA:

> All the covenants, agreements, conditions and restrictions set forth in this Agreement are intended to be and shall be construed as covenants running with the land (and not conditions), binding upon, *inuring to the benefit of and enforceable by* the Parties hereto *and their successors and assigns* in the manner set forth herein.

Plea Ex. 5, § 21.3. EWB's contract rights under the ROA are a legally protected interest, and EWB has standing to sue to enforce those rights. *See Am. Heritage, Inc. v. Nev. Gold & Casino, Inc.*, 259 S.W.3d 816, 820 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("A party to a contract has standing to maintain a suit on the contract."); *Giles v. Cardenas*, 697 S.W.2d 422, 427 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.) ("Ordinarily, unless a restrictive covenant is removed by agreement of all interested property owners or by declaratory judgment, the covenant may be enforced by *any interested property owner*.") (emphasis added).

To use Defendants' parlance, the ROA provides EWB and the other parties bound by it with a "bundle of sticks." Third Party Joinder Defendant Smith's Motion for Summary Judgment, filed Sept. 5, 2012, at 1. Among the sticks in EWB's bundle (as well as the bundles of the other property owners subject to the ROA) is the right to demand that the other parties governed by the ROA comply with its restrictive covenants. By violating those restrictions,

17

Defendants are taking sticks from EWB's bundle, and EWB has standing to sue and get them back.

PlazAmericas insists that EWB can establish no injury because it cannot establish any damages resulting from the Injunction Defendants' ongoing violations of the ROA's restrictive covenants. PlazAmericas misstates the law. The case law is clear that a party to a restrictive covenant has standing to enforce it by injunction, regardless of whether the party can demonstrate any damages at all: "Where a distinct or substantial breach of the restrictions is shown, the courts will enjoin the violation *even though there is no proof of actual damages or irreparable injury*." *See Gunnels v. N. Woodland Hills Cmty. Ass'n*, 563 S.W.2d 334, 337 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ) (emphasis added). "[T]he movant is only required to prove that the defendant intends to do an act that would breach the restrictive covenant." *Jim Rutherford Invs., Inc. v. Terremar Beach Cmty. Ass'n*, 25 S.W.3d 845, 849 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). PlazAmericas' contention that EWB lacks injury in fact to establish standing is legally and factually groundless.

The Court erred in granting PlazAmericas' plea to the jurisdiction and in carrying that ruling forward into its Final Judgment.

**4.  The Court should vacate its attorneys' fees award.**

The Court also erred in awarding hundreds of thousands of dollars in attorneys' fees to Defendants in this suit, ostensibly for fees incurred in defending claims for declaratory judgment. As demonstrated above, the Court's summary adjudication of EWB's claims for declaratory judgment was improper and should be set aside. So too should the attorneys' fee award, as the Court's conclusion that an award of attorneys' fees to Defendants was just and equitable was no doubt driven by its erroneous disposition of EWB's declaratory judgment claim in Defendants'

18

favor. However, even if summary judgment on EWB's declaratory judgment claim were appropriate, the attorneys' fee award nonetheless should be set aside.

The Declaratory Judgments Act ("DJA") permits the Court to award "reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code § 37.009. Unlike the determination of what amount of fees a party reasonably and necessarily incurred, "the determination [of, what, if any, fee award is equitable and just] is not susceptible to direct proof but is rather a matter of fairness in light of all the circumstances." *Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 162 (Tex. 2004). One of the key legal principles that must inform the Court's determination of whether a fee award is equitable and just is that "[a] declaratory judgment action may not be used solely to obtain attorney's fees that are not otherwise authorized by statute . . . ." *Southwest Guar. Trust Co. v. Hardy Road 13.4 Joint Venture*, 981 S.W.2d 951, 956 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). "[W]hile declaratory relief may be obtained under the [DJA] in [particular] circumstances, that does not mean attorney's fees can too." *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009). Specifically, when the gravamen of a claim for declaratory judgment consists of another cause of action for which attorneys' fees are not recoverable, an award of attorneys' fees under the DJA is improper. *See Etan Industries, Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011) ("We have held that simply repleading a claim as one for a declaratory judgment cannot serve as a basis for attorney's fees, since such a maneuver would abolish the American Rule and make fees available for all parties in all cases.") (internal quotation marks omitted).

Through its claim for declaratory judgment, EWB sought a judicial declaration modifying the ROA's restrictive covenants such that they would not restrict "reasonable retail development

of the pad sites" EWB owns. EWB's Third Amended Petition, ¶ 37. While it was appropriate for EWB to seek modification of the ROA's restrictive covenants under the DJA, EWB could have also sought the same relief through an equitable action to quiet or remove cloud on title. As one court has explained,

> An action to remove a cloud on title (or to quiet title, or for cancellation of restrictions) is an appropriate means for a landowner to seek affirmative relief against restrictive covenants which limit his use and enjoyment of his property. . . . An action for declaratory judgment is also an appropriate means for seeking a determination of the validity, applicability, or enforceability of such restrictions.

*Jones v. Young*, 541 S.W.2d 200, 201 (Tex. Civ. App.—Houston [14th Dist.] 1976, no writ) (citations omitted).

"[A]ttorney's fees are not available for a cloud of title action." *Sadler v. Duvall*, 815 S.W.2d 285, 294 (Tex. App.—Texarkana 1991, writ denied). As such, they also are unavailable in a suit for declaratory judgment seeking removal of a cloud on title. *See Behrens v. Howard*, No. 2-02-399-CV, 2003 WL 21404827, at *1 (Tex. App.—Fort Worth June 19, 2003, pet. denied) ("Attorney's fees are not recoverable under the Texas Civil Practice and Remedies Code in a suit to quiet title *even if that suit is brought under the Texas Uniform Declaratory Judgments Act*.") (emphasis added); *Hopkins v. Netterville*, No. 12-00-00339-CV, 2002 WL 59278, at *7 (Tex. App.—Tyler Jan. 16, 2002, pet. denied) ("We conclude the declaratory judgment claims of each side are really claims to quiet title. All claims seek to clear the property's title, are based on the same facts, and request similar relief. Accordingly, the claims for declaratory judgment cannot be used to support an award of attorney's fees.").

Here, had EWB styled its claim for declaratory judgment as a claim to remove cloud on title, Defendants would have incurred precisely the same fees defending that claim as they did defending the declaratory judgment claim. The claims are in substance identical. Because Defendants could not recover attorneys' fees for successful defense of an action to remove cloud

20

on title, they cannot recover such fees based on successful defense of the substantively identical action merely because it was styled a claim for declaratory judgment. As such, the Court should vacate the award of attorneys' fees contained in the Final Judgment.

5. **The Court's final judgment purports to dismiss with prejudice claims it previously dismissed without prejudice.**

The Court's Final Judgment improperly provides that EWB "takes nothing on all of its claims against every defendant." Final Judgment, ¶ 6. For the reasons set forth above, the Court erred in dismissing on the merits of EWB's claims for declaratory relief because the summary judgment record does not support such disposition. The Final Judgment's statement that EWB "takes nothing on all of its claims" is also improper because it purports to constitute an adjudication of EWB's other claims on the merits, when in fact the Court's prior dismissal orders reflect that the dismissals were without prejudice. *See Zarsky v. Moss*, 193 S.W.2d 245, 246 (Tex. Civ. App.—San Antonio 1946, no writ) (noting that judgment "that plaintiff take nothing . . . constitutes a full and complete adjudication of the suit upon the merits").

Specifically, the Final Judgment's language is inconsistent with the Court's April 1, 2014 Order of Partial Dismissal Without Prejudice, which specifies that EWB's claim for conversion of signs on the Pad Sites was "DISMISSED WITHOUT PREJUDICE." Further, the language is inconsistent with the Court's April 10, 2014 Order, which states that EWB's claim "for injunctive relief is dismissed without prejudice," and the Court's April 11, 2014 Order, which states that "EWB-I, LLC's claims and requests for relief that have not been disposed of by prior Order of the Court are DISMISSED WITHOUT PREJUDICE."[9] The proposed language is also inconsistent with the Court's September 9, 2013 Order of Dismissal Without Prejudice, which

---

[9] While EWB respectfully disagrees with the Court's dismissal of EWB's claim for injunction to prohibit violations of the ROA, to the extent dismissal were proper for lack of jurisdiction, the dismissal must be without prejudice, as the absence of jurisdiction deprives the Court of authority to adjudicate the claim on the merits.

21

states that EWB's claim for permanent injunction against Defendant Burlington Coat Factory of Bellaire, Inc. is "DISMISSED without prejudice." To the extent the Court declines to order a new trial, EWB respectfully requests that the Court modify its judgment by eliminating Paragraph 6.

### Conclusion

For the foregoing reasons, EWB respectfully requests that the Court vacate its Final Judgment and order a new trial or alternatively modify the Final Judgment as requested herein.

Respectfully submitted,

SIEGMYER, OSHMAN & BISSINGER LLP


By:＿＿＿＿*/s/ David K. Bissinger*＿＿＿＿＿＿
    David K. Bissinger
    State Bar No. 00790311
    Gerald S. Siegmyer
    State Bar No. 18343300
    Jason E. Williams
    2777 Allen Parkway, Tenth Floor
    Houston, Texas 77019
    Telephone: (713) 524-8811
    Facsimile: (713) 524-4102
    dbissinger@bizlawhouston.com
    gsiegmyer@bizlalwhouston.com
    jwilliams@bizlawhouston.com

SMYSER KAPLAN & VESELKA, LLP


By: ＿＿＿＿*/s/ Justin M. Waggoner*＿＿＿＿＿
    Justin Waggoner
    State Bar No. 24003122
    700 Louisiana, Suite 2300
    Houston, Texas 77002
    Telephone: (713) 221-2325
    Facsimile: (713) 221-2320
    jwaggoner@skv.com

ATTORNEYS FOR PLAINTIFF EWB-I, LLC

504700.1

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on the following counsel via e-Filing and facsimile, on the 6th day of April, 2015.

Davis Bradford
Dobrowski L.L.P.
4601 Washington Ave., Suite 300
Houston, Texas 77007

*Attorney for Sharpstown Mall*

Teri A. Walter
Walton Law Firm, P.C.
5177 Richmond, Ste. 1250
Houston, Texas 77056

*Attorney for Ring & Ring
d/b/a Wrights Amusements*

Kim Moore
Attorney at Law
2727 LBJ Freeway, 610
Dallas, Texas 75234

Patrick McGettigan
Jones Gill LP
6363 Woodway, Suite 1100
Houston, Texas 77057

*Attorney for Smith FLP, LTD*

Cole B. Conkling
Andrews Kurth LLP
600 Travis, Suite 4200
Houston, Texas 77002

*Attorney for Mai & Matthew, R.E.I., Inc.*

Keith S. Donati
Kochman, Donati & Charbonnet, LLP
12012 Wickchester, Suite 310
Houston, Texas 77079

*Attorney for CCW, LLC*

James R. Robichaux
Branscomb, PC
802 Carancahua, Suite 1900
Corpus Christi, Texas 78470

*Attorney for Burlington Coat Factory
Realty of Bellaire, Inc.*

Brian Wick
Meredith Perry
Wick Phillips Gould & Martin, LLP
2100 Ross Avenue, Ste. 950
Dallas, Texas 75201

*Attorney for LG Sharpstown Bellaire, LLC*

*/s/ David K. Bissinger*
David K. Bissinger

4839-8760-0930, v. 1

23

504700.1

```
JUC8H (NR4#)     JUSTICE INFORMATION MANAGEMENT SYSTEM     JUN 11, 2015(C1)
INT6510                    CIVIL CASE INTAKE                OPT: _____  -  INT
                        GENERAL PARTY INQUIRY              PAGE:   1  -    7

CASE NUM: 201071771__ PJN> __  TRANS NUM: _____  CURRENT COURT: 215 PUB? _
CASE TYPE: DECLARATORY JUDGMENT          CASE STATUS: DISPOSED (FINAL)
STYLE: EWB-1 LLC                         VS SHARPSTOWN MALL TEXAS LLC (FORMER
=============================================================================
                       **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR        PERSON NAME            PTY    ASSOC. ATTY
  NUM    NUMBER                                         STAT
 _     00027-0001 AGT        PLAZAMERICAS MALL TEXAS LLC BY
 _     00026-0001 AGT        RAIT LP (A NON RESIDENT CORPOR
 _     00025-0001 AGT        PLAZAMERICAS MALL TEXAS LLC BY
 _     00024-0001 AGT        LG SHARPSTOWN BELLAIRE LLC BY
 _     00023-0001 DEF        RAIT PARTNERSHIP LP            D
 _     00022-0001 DEF 24075622 LG SHARPSTOWN BELLAIRE LLC    D   PERRY, MEREDI
 _     00021-0001 DEF 24064939 PLAZAMERICAS MALL TEXAS LLC   D   BRADFORD, CHA
 _     00020-0001 XPL 24064939 SHARPSTOWN MALL TEXAS LLC         BRADFORD, CHA

==> (52) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.   5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.   10=REFRESH    11=HELP
```

```
JUC8H (NR4#)     JUSTICE INFORMATION MANAGEMENT SYSTEM      JUN 11, 2015(C1)
INT6510                     CIVIL CASE INTAKE               OPT: _____  -  INT
                         GENERAL PARTY INQUIRY              PAGE:   2  -    7

CASE NUM: 201071771__ PJN> __  TRANS NUM: _____ CURRENT COURT: 215 PUB? _
CASE TYPE: DECLARATORY JUDGMENT            CASE STATUS: DISPOSED (FINAL)
STYLE: EWB-1 LLC                       VS SHARPSTOWN MALL TEXAS LLC (FORMER
==============================================================================
                       **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR      PERSON NAME              PTY    ASSOC. ATTY
  NUM   NUMBER                                          STAT
_     00001-0003 XDF 00790311 EWB-1 LLC                       BISSINGER, DA
_     00019-0001 DEF 24074062 MAI & MATTHEW R.E.I. INC    D   CONKLING, COL
_     00018-0001 DEF 17083000 BURLINGTON COAT FACTORY REALTY D ROBICHAUX, JA
_     00017-0001 DEF 13624500 SMITH FLP, LTD               D   MCGETTIGAN, P
_     00016-0001 AGT          SMITH FLP LTD (TEXAS BUSINESS
_     00015-0001 AGT          BURLINGTON COAT FACTORY REALTY
_     00014-0001 AGT          CCW LLC (TEXAS LIMITED-LIABILI
_     00013-0001 AGT          MAI & MATTHEW R E I INC (TEXAS

==> (52) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.   5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

```
JUC8H (NR4#)    JUSTICE INFORMATION MANAGEMENT SYSTEM    JUN 11, 2015(C1)
INT6510                 CIVIL CASE INTAKE                 OPT: _____  -  INT
                    GENERAL PARTY INQUIRY                 PAGE:   3 -    7

CASE NUM: 201071771__ PJN> __  TRANS NUM: _____ CURRENT COURT: 215 PUB? _
CASE TYPE: DECLARATORY JUDGMENT          CASE STATUS: DISPOSED (FINAL)
STYLE: EWB-1 LLC                     VS SHARPSTOWN MALL TEXAS LLC (FORMER
==============================================================================
                      **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR        PERSON NAME           PTY    ASSOC. ATTY
  NUM    NUMBER                                        STAT
_     00012-0001 DEF         SMITH FLO LTD (TEXAS BUSINESS   D
_     00011-0001 DEF 17083000 BURLINGTON COAT FACTORY REALTY D   ROBICHAUX, JA
_     00010-0001 DEF 05973100 CCW LLC (TEXAS LIMITED LIABILI D   DONATI, KEITH
_     00009-0001 DEF 24074062 MAU & MATTHEWS R E I INC (TEXA D   CONKLING, COL
_     00009-0001 PAD 24059824 GLASER, COURTNEY BLAIRE
_     00006-0002 XPL 20815100 RING & RING INC (DBA WRIGHTS A S   WALTER, TERI
_     00003-0003 XDF         RAIT SHARPSTOWN L L C          S
_     00002-0003 XDF 24064939 SHARPSTOWN MALL TEXAS LLC (FOR S   BRADFORD, CHA

==> (52) CONNECTION(S) FOUND
1=ACTIVE     2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.  7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

```
CASE NUM: 201071771__ PJN> __  TRANS NUM: _____ CURRENT COURT: 215 PUB? _
CASE TYPE: DECLARATORY JUDGMENT          CASE STATUS: DISPOSED (FINAL)
STYLE: EWB-1 LLC                   VS SHARPSTOWN MALL TEXAS LLC (FORMER
==========================================================================
                     **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR       PERSON NAME            PTY    ASSOC. ATTY
  NUM    NUMBER                                        STAT
_     00002-0003 PXD 24045410 ANDRASEK, DANIELLE NICOLE
_     00002-0003 PXD 24043596 CARLISLE, RICHARD FREDRICK
_     00008-0001 AGT          RING & RING INC (DBA WRIGHTS A
_     00007-0001 3PD 20815100 WRIGHTS AMUSEMENTS (FOREIGN CO  S  WALTER, TERI
_     00006-0001 3PD 20815100 RING & RING INC (DBA WRIGHTS A  S  WALTER, TERI
_     00005-0002 3PP 24064939 SHARPSTOWN MALL TEXAS LLC       S  BRADFORD, CHA
_     00005-0002 P3P 24045410 ANDRASEK, DANIELLE NICOLE
_     00005-0002 P3P 24043596 CARLISLE, RICHARD FREDRICK

==> (52) CONNECTION(S) FOUND
1=ACTIVE     2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.  7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

CASE NUM: 201071771__ PJN> __  TRANS NUM: _____ CURRENT COURT: 215 PUB? _
CASE TYPE: DECLARATORY JUDGMENT          CASE STATUS: DISPOSED (FINAL)
STYLE: EWB-1 LLC                    VS SHARPSTOWN MALL TEXAS LLC (FORMER
========================================================================
                      **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR       PERSON NAME              PTY    ASSOC. ATTY
  NUM    NUMBER                                          STAT
_     00003-0002 XPL 24064939 RAIT SHARPSTOWN L L C            BRADFORD, CHA
_     00003-0002 PXP 24045410 ANDRASEK, DANIELLE NICOLE
_     00003-0002 PXP 24043596 CARLISLE, RICHARD FREDRICK
_     00002-0002 XPL 24064939 SHARPSTOWN MALL TEXAS LLC (FOR   BRADFORD, CHA
_     00002-0002 PXP 24045410 ANDRASEK, DANIELLE NICOLE
_     00002-0002 PXP 24043596 CARLISLE, RICHARD FREDRICK
_     00001-0002 XDF 00790311 EWB-1 LLC                        BISSINGER, DA
_     00001-0002 PXD 09549430 HAMREN, NANCY H

==> (52) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH    11=HELP

CASE NUM: 201071771__  PJN> __  TRANS NUM: _____  CURRENT COURT: 215 PUB? _
CASE TYPE: DECLARATORY JUDGMENT            CASE STATUS: DISPOSED (FINAL)
STYLE: EWB-1 LLC                        VS SHARPSTOWN MALL TEXAS LLC (FORMER
========================================================================
                     **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR       PERSON NAME              PTY    ASSOC. ATTY
  NUM    NUMBER                                          STAT
_     00001-0002 PXD 00785301 YOUNG, JERRY MCFADDIN
_     00005-0001 DEF 24064939 SHARPSTOWN MALL TEXAS LLC      D   BRADFORD, CHA
_     00005-0001 PAD 24045410 ANDRASEK, DANIELLE NICOLE
_     00005-0001 PAD 24043596 CARLISLE, RICHARD FREDRICK
_     00004-0001 AGT           SHARPSTOWN MALL TEXAS LLC (FOR
_     00003-0001 DEF           RAIT SHARPSTOWN L L C          D
_     00002-0001 DEF 24064939 SHARPSTOWN MALL TEXAS LLC (FOR  D   BRADFORD, CHA
_     00002-0001 PAD 24045410 ANDRASEK, DANIELLE NICOLE

==> (52) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.   5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH    11=HELP

CASE NUM: 201071771__ PJN> __  TRANS NUM: _____ CURRENT COURT: 215 PUB? _
CASE TYPE: DECLARATORY JUDGMENT        CASE STATUS: DISPOSED (FINAL)
STYLE: EWB-1 LLC                       VS SHARPSTOWN MALL TEXAS LLC (FORMER
========================================================================
                    **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR        PERSON NAME              PTY    ASSOC. ATTY
  NUM    NUMBER                                           STAT
_     00001-0001 PLT 00790311 EWB-1 LLC                    D   BISSINGER, DA
_     00001-0001 PAP 09549430 HAMREN, NANCY H
_     00001-0001 PAP 00785301 YOUNG, JERRY MCFADDIN
_     00001-0001 PAP 09549430 HAMREN, NANCY H




==> (52) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP